**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN LAMONT MCCRANEY and KENNIE ALEXANDER WILLIAMS,<br><br>Defendants. | No. 3:07-cr-0614-JAJ<br><br>**FINAL INSTRUCTIONS TO THE JURY** |

## INSTRUCTION NO. 1

## INTRODUCTION/DUTIES

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you, of course, are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more

important than my earlier instructions. Again, *all* instructions, whether given in writing or not, must be followed.

In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

**INSTRUCTION NO. 2**

**EVIDENCE**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits. Also, parties have stipulated - - that is, they have agreed - - that certain facts are true. You must therefore treat those facts as having been proved.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Anything you saw or heard about this case outside the courtroom is not evidence.

**INSTRUCTION NO. 3**

**CREDIBILITY**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

A witness may be discredited or impeached by contradictory evidence; by a showing that the witness testified falsely concerning a material matter; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If earlier statements of a witness were admitted into evidence, they were not admitted to prove that the contents of those statements were true. Instead, you may consider those earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness, and therefore whether they affect the credibility of that witness.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You have also heard evidence that witness Larry Jones hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the government in this case. Jones entered into an agreement with the government which provides that in return for his assistance, the government will dismiss certain charges or recommend a less severe sentence for the crimes with which he is charged. Jones is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain length. If the prosecutor handling Jones' case believes that he has provided substantial assistance, that prosecutor can file in the court in which the charges are pending against him a motion to reduce his sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not his testimony may have been influenced by his hope of receiving a reduced sentence is for you to decide.

Finally, you have heard testimony from a person described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

**INSTRUCTION NO. 4**

**INDICTMENT / PRESUMPTION OF INNOCENCE / REASONABLE DOUBT**

The Indictment in this case charges that the defendants committed various crimes. The defendants have pleaded not guilty to all charges.

As I told you at the beginning of the trial, an Indictment is simply an accusation. It is not evidence of anything. To the contrary, both defendants are presumed to be innocent. Thus, both defendants, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find a defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the particular crimes charged.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## INSTRUCTION NO. 5

## ELEMENTS OF THE OFFENSES

Count 1 of the Indictment charges that:

On or about August 29, 2007, the defendants did knowingly and intentionally possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance.

You must determine whether the government proved all three elements of this crime, which are:

***First***, on or about August 29, 2007, the defendant was in possession of cocaine.

***Second,*** the defendant knew that he was in possession of cocaine; and

***Third***, the defendant intended to distribute some or all of the cocaine.

You are instructed that cocaine is a Schedule II controlled substance.

Count 2 of the Indictment charges that:

A person, Larry Jones, was engaged in distributing and transporting illegal narcotics, that is, cocaine, in interstate and foreign commerce, in an industry which affects interstate and foreign commerce. On or about August 29, 2007, the defendants did unlawfully obstruct, delay and affect commerce by robbery in that the defendants did unlawfully take and obtain personal property consisting of illegal narcotics, that is, cocaine, from the person of Larry Jones, against his will by means of actual and threatened force, violence and fear of injury, immediate and future, to his person.

You must determine whether the government proved all three elements of this crime, which are:

***First***, on or about August 29, 2007, the defendant induced Larry Jones to relinquish property, that is, cocaine;

***Second,*** the defendant voluntarily and intentionally did so by extortion – that is, through the wrongful use of actual or threatened force or violence and fear of injury; and

***Third,*** the defendant's action obstructed, delayed, or affected interstate or foreign commerce in some way or degree.

Count 3 of the Indictment charges that:

The defendants did knowingly possess a firearm, that is, a .45 caliber handgun, in furtherance of a drug trafficking crime, as set forth in Count 1 of the Indictment, and in furtherance of a crime of violence, as set forth in Count 2 of the Indictment, and did use and carry said firearm during and in relation to these crimes.

You must determine whether the government proved both elements of this crime, which are:

***First***, on or about August 29, 2007 the defendant committed the crime of possession of cocaine with intent to distribute, as charged in Count 1 of the Indictment, or defendant committed the crime of Hobbs Act Robbery, as charged in Count 2 of the Indictment; and

***Second,*** the defendant knowingly possessed a firearm in furtherance of either crime.

Count 4 of the Indictment charges that:

On or about August 29, 2007, the defendant, Adrian Lamont McCraney, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed a firearm, to wit, a .45 caliber handgun, said firearm possessed in and affecting commerce.

You must determine whether the government proved all three elements of this crime, which are:

***First***, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

***Second,*** the defendant thereafter knowingly possessed a firearm, that is, a .45 caliber handgun on or about August 29, 2007; and

***Third***, the firearm was transported across a state line sometime during or before the defendant's possession of it.

The parties have agreed that defendant Adrian McCraney was previously convicted of a crime punishable for a term exceeding one year. The parties have also agreed that the firearm at issue did travel across a state line at sometime during or prior to August 29, 2007. Thus, you must treat the first and third elements as having been proved.

For a defendant to be found guilty of a crime, the government must prove every element of that crime beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of that crime.

## INSTRUCTION NO.6

DEFINITIONS

**"ON OR ABOUT"**

The Indictment charges that the offenses were committed "on or about" August 29, 2007. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

**INTENT OR KNOWLEDGE**

Intent or knowledge may be proved like anything else. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in determining the defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. The government is not required to prove that a defendant knew that his actions were unlawful.

**POSSESSION**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If a person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

**EXTORTION AND FEAR**

As used in Count 2, "fear" means a state of anxious concern, alarm or apprehension of harm. Fear includes fear of economic loss or injury, as well as fear of physical violence. Extortion by wrongful use of fear requires that the fear be reasonable under the circumstances. Extortion is committed when property is obtained without the consent of the victim by the wrongful use of actual or threatened force, violence, or fear under color of official right.

**COMMERCE**

As used in Count 2, the phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States , including the District of Columbia. The phrase "foreign commerce" means commerce between any state, territory or possession of the United States and a foreign country.

The phrase "obstructed, delayed or affected commerce" means any action which, in any manner or to any degree interferes with, changes or alters the movement or transportation or flow of goods, merchandise, money or other property in interstate

commerce. With respect to the third element of Count 2, you must decide whether there is an actual effect on commerce either between any two or more states, or between any state and a foreign country. If you decide that there was any effect at all, that is enough to satisfy this element. The effect can be minimal.

**POSSESSED IN FURTHERANCE OF**

As used in Count 3, the phrase "possessed in furtherance of" means that the firearm must have some purpose or effect with respect to the crime of possession of cocaine with intent to distribute or robbery. Its presence or involvement cannot be the result of accident or coincidence. The firearm must facilitate or have the potential to facilitate the offense of possession of cocaine with intent to distribute or robbery.

**FIREARM**

As used in Count 4, the term "firearm" means any weapon which will or is designed to or may readily converted to expel a projectile by the action of an explosive.

## INSTRUCTION NO. 7

AIDING & ABETTING

With respect to Counts 1 and 2 of the Indictment, a defendant may be found guilty of possessing cocaine with intent to distribute, or robbery, even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of that offense.

In order to have aided and abetted the commission of a crime, a person must, before or at the time the crime was committed:

***One***, have known that the crime was being committed or going to be committed;

***Two***, have knowingly acted in some way for the purpose of causing, encouraging, or aiding in the commission of the offense; and

***Three***, have intended that the offense be committed.

For you to find the defendant guilty of a crime by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of the crime were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

## INSTRUCTION NO. 10

## DUTY DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

***First***, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

***Second***, it is your duty, as jurors, to discuss this case with one another in the jury room. Your verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

***Third***, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

***Fourth***, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officers, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your vote on any issue stands numerically.

***Fifth***, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdicts, whether guilty or not guilty, must be

unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

***Finally***, the verdict forms are simply the written notices of the decisions that you reach in this case. You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms and date it and each of you will sign it as well. Then advise the Court Security Officer that you are ready to return to the courtroom.

**DATED** this 12th day of March, 2008.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ADRIAN LAMONT MCCRANEY,<br>Defendant. | No. CR 07-0614-JAJ<br><br>**VERDICT FORM** |

**COUNT 1 - Possession of Cocaine with Intent to Distribute**

With regard to the crime of Possession of Cocaine with Intent to Distribute we, the jury, find the defendant, ADRIAN LAMONT MCCRANEY:

_____ NOT GUILTY _____ GUILTY

**COUNT 2 - Hobbs Act Robbery**

With regard to the crime of Hobbs Act Robbery, as charged in Count 2 of the Indictment, we, the jury, find the defendant, ADRIAN LAMONT MCCRANEY:

_____ NOT GUILTY _____ GUILTY

**Note**: If you found the defendant guilty of either Count 1 or Count 2, then proceed to Count 3. If you found the defendant not guilty of both Counts 1 and 2, then do not answer Count 3 and proceed directly to Count 4.

**COUNT 3 - Possession of a Firearm in Furtherance of a Drug Crime or Crime of Violence**

With regard to the crime of possessing a firearm in furtherance of a drug crime or a crime of violence, as charged in Count 3 of the Indictment, we, the jury, find the defendant, ADRIAN LAMONT MCCRANEY:

_____ NOT GUILTY _____ GUILTY

**Note:** If you found the defendant guilty of the crime charged in Count 3, you *must* answer the following interrogatory:

We, the jury, unanimously find that defendant ADRIAN LAMONT MCCRANEY:

______ possessed a firearm in furtherance of the drug crime charged in Count 1

______ possessed a firearm in furtherance of the robbery charged in Count 2

**COUNT 4 - Felon in Possession of a Firearm**

With regard to the crime of Felon in Possession of a Firearm, as charged in Count 4 of the Indictment, we, the jury, find the defendant, ADRIAN LAMONT MCCRANEY:

_____ NOT GUILTY _____ GUILTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNIE ALEXANDER WILLIAMS,<br><br>Defendant. | No. CR 07-0614-JAJ<br><br>**VERDICT FORM** |

**<u>COUNT 1 - Possession of Cocaine with Intent to Distribute</u>**

With regard to the crime of Possession of Cocaine with Intent to Distribute we, the jury, find the defendant, KENNIE ALEXANDER WILLIAMS:

_____ NOT GUILTY _____ GUILTY

**<u>COUNT 2 - Hobbs Act Robbery</u>**

With regard to the crime of Hobbs Act Robbery, as charged in Count 2 of the Indictment, we, the jury, find the defendant, KENNIE ALEXANDER WILLIAMS:

_____ NOT GUILTY _____ GUILTY

**Note**: If you found the defendant guilty of either Count 1 or Count 2, then proceed to Count 3. If you found the defendant not guilty of both Counts 1 and 2, then do not answer Count 3.

**COUNT 3 - Possession of a Firearm in Furtherance of a Drug Crime or Crime of Violence**

With regard to the crime of possessing a firearm in furtherance of a drug crime or a crime of violence, as charged in Count 3 of the Indictment, we, the jury, find the defendant, KENNIE ALEXANDER WILLIAMS:

_____ NOT GUILTY _____ GUILTY

**Note:** If you found the defendant guilty of the crime charged in Count 3, you *must* answer the following interrogatory:

We, the jury, unanimously find that defendant KENNIE ALEXANDER WILLIAMS:

______ possessed a firearm in furtherance of the drug crime charged in Count 1

______ possessed a firearm in furtherance of the robbery charged in Count 2

We, the jury, unanimously agree to the verdicts concerning each defendant recorded above.

Date: ____________________

____________________
Foreperson

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror

____________________
Juror